930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ELECTROKINETICS, INCORPORATED, Plaintiff-Appellant,
v.
BSI CORPORATION, its subsidiary, Braswell Shipyards,
Incorporated, Braswell Services Group,
Incorporated, Defendants-Appellees.
 No. 90-1082.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided April 9, 1991.
As Amended May 6, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston, Falcon B. Hawkins, Chief District Judge. (CA-90-1326-2-1)
 Ann Briks Walsh, Charleston, S.C., for appellant.
 Henry Pickett Wall, Sr., Ogletree, Deakins, Nash, Smoak and Stewart, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED AND REMANDED.
 Before DONALD RUSSELL, Circuit Judge, TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, Sitting by Designation, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 This is an appeal from a denial of a preliminary injunction. Defendant Braswell Shipyards, Inc., and its affiliates (collectively "Braswell") are engaged in the ship repair business in Charleston, South Carolina. Much of Braswell's work is performed under contracts with the United States Navy, and some of this work is further subcontracted out to various specialty subcontractors, of which plaintiff Electrokinetics is one. In 1989 and 1990, Braswell and Electrokinetics entered into several subcontracts for the performance of communications and electrical work on four U.S. Navy vessels: The U.S.S. Captain Mulzac, the U.S.S. Leader, the U.S.S. Deyo, and the U.S.S. Blakely. Electrokinetics performed the vast majority, if not all, of its electrical work on these vessels and, likewise, Braswell also finished most of the remaining work on the vessels. While the Navy has paid Braswell for its services, Braswell has decided not to pay Electrokinetics the last $109,980.29 it owes on the subcontract. Braswell justifies not paying this amount because the Navy was not satisfied with some of the work done on the U.S.S. Blakely and thus threatened to invoke the liquidated damages clause in its contract with Braswell. A dispute has developed about whether it was Electrokinetics' work or the work performed by Braswell itself with which the Navy found fault. Electrokinetics contends the dispute relates entirely to work done by Braswell and asserts that it is entitled immediately to the money owed it, especially the over $20,000 which is owed for work done on the three ships not in dispute.
 
 
 2
 After Braswell refused to pay Electrokinetics the money owed it, the subcontractor filed suit in the United States District Court for the District of South Carolina for breach of contract and breach of contract accompanied by fraudulent acts. As amended, plaintiff's complaint also includes causes of action for breach of the implied covenant of good faith and fair dealing, unjust enrichment, and intentional interference with prospective economic advantage. After filing its complaint, plaintiff realized that it was in a desperate financial situation, and thus, in an unorthodox move, filed a motion with the court for a preliminary affirmative injunction ordering Braswell to pay the total amount owed, or, in the alternative, the amount owed for work completed on the three vessels not in dispute. The district court denied the application for such an injunction on the ground that Braswell had counterclaimed against plaintiff and this counterclaim presented serious issues which were unresolved. Electrokinetics now appeals this denial, and we affirm.
 
 
 3
 Manifestly, a motion to require payment of a disputed claim in litigation by way of an affirmative injunction is not allowed; the proper remedy, if the right to payment is clear, is by motion for summary judgment under Fed.R.Civ.P. 56, or by judgment after trial on the merits. The Court was advised by plaintiff's counsel at oral argument that, while this appeal was pending, the Navy had made its final judgment on the work under the contract in dispute and had found that plaintiff's work had been satisfactorily performed. However, this is not a fact upon which we can act, but rather it is a matter to be established in connection with the motion for summary judgment or by trial. We are not unmindful, though, of the possible hazard to the plaintiff of delay in resolving this issue. We hope, in recognition of this condition, that this controversy between the plaintiff and the defendant may be expedited by the trial court, if such can be done consistently with the status of the court's docket and without prejudice to the rights of other litigants before the court.
 
 
 4
 The appeal herein is affirmed and the cause is remanded to the district court for further proceedings.
 
 
 5
 AFFIRMED AND REMANDED.